■ BENJAMIN CENTER, Individually and as a Shareholder of HAMPTON AFFILIATES, INC., Respondent, v HAMPTON AFFILIATES, INC., et al., Appellants, and ROSE SILVERMAN et al., Respondents. — In an action to recover the value of certain shares of stock, etc., defendants Joseph Ingraldi, Bert Goldman, Lakin's Appliance Stores Broadway, Inc., Hampton Affiliates, Inc., and Hampton Sales Co., Inc., appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Levitt, J.), dated February 1, 1984, as, *inter alia,* denied their motions for summary judgment dismissing the complaint.

Order reversed insofar as appealed from, on the law, with costs, and those branches of the appellants' motions which were for summary judgment dismissing the complaint as against them granted.

This dispute centers on a gift agreement entered into in 1970 between decedent Frank Silverman and plaintiff Benjamin Center involving certain corporate stock. Appellants, insofar as pertinent, entered into various agreements with Silverman in connection with the purchase of the same stock. Silverman warranted that he was the sole owner of the stock free and clear of any liens, charges, encumbrances or proxies. Plaintiff did not notify appellants of his claim to the stock until after Silverman's death in October, 1975, and, indeed, well after the condition precedent to the gift had occurred in 1972.

Shares of corporate stock constitute securities within the meaning of article 8 of the Uniform Commercial Code (Ann., 11 ALR4th 1036, § 3, pp 1041-1043). Inasmuch as the appellants had no actual or constructive knowledge of plaintiff's claim and thus were bona fide purchasers for value in good faith, within the meaning of article 8 (Uniform Commercial Code, §§ 8-204, 8-304; Ann., 88 ALR3d 849), their interest was acquired free of plaintiff's adverse claim (Uniform Commercial Code, § 8-302, subd [3]; see *Matter of Legel Braswell Govt. Securities Corp.*, 648 F2d 321, 328; *Bankhaus Hermann Lampe KG v Mercantile-Safe Deposit & Trust Co.*, 466 F Supp 1133, 1145, n 26; *Mason v Public Nat. Bank & Trust Co.*, 262 App Div 249, affd 287 NY 809; Ann., 21 ALR3d 964, 972). Consequently, as a matter of law, appellants cannot be liable to plaintiff and their motions insofar as they were for summary judgment dismissing the complaint should have been granted. Whatever rights plaintiff may have with respect to the gift agreement lie against Frank Silverman's estate and the attorney defendants. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.